**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

Chipotle Mexican Grill, Inc.,

      Plaintiff,

v.

The Kroger Co.,

      Defendant

---

### COMPLAINT AND JURY DEMAND

---

    Plaintiff Chipotle Mexican Grill, Inc. ("Chipotle"), by and through its attorneys Holland & Hart, LLP, hereby submits its Complaint against Defendant The Kroger Co. ("Kroger") as follows:

### <u>INTRODUCTION</u>

    This is an action for trademark infringement, trademark dilution, and related claims, arising out of Kroger's unauthorized use of Plaintiff's famous CHIPOTLE® trademark to sell prepared chicken entrée items in its grocery stores.  Despite Chipotle's written demand that Kroger cease making use of the famous CHIPOTLE® trademark, Kroger has refused to cease its infringing conduct.  Consequently, Chipotle brings this action under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and supplemental Colorado state law, to stop Kroger's further violation of Plaintiff's trademark rights in the CHIPOTLE®  trademark.

1

## PARTIES

1.      Plaintiff Chipotle is a Delaware corporation with its principal place of business in Denver, Colorado.

2.      Defendant Kroger is an Ohio corporation with a principal place of business at 1014 Vine Street, Cincinnati, Ohio, 45202-1100.

## JURISDICTION AND VENUE

3.      This action arises under the Lanham Act, 15 U.S.C. § 1501 *et seq.*, and supplemental state law.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338; and supplemental jurisdiction over Chipotle's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Kroger because it resides in Colorado and because this action arises from Kroger's infringing and diluting activities within the State of Colorado.

5.      Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part the events giving rise to the claims occurred within the State of Colorado.

## GENERAL ALLEGATIONS

### Chipotle's Launch and Use of its Famous CHIPOTLE® Trademark

6.      In 1993, Steve Ells, a classically trained chef and graduate of the Culinary Institute of America, founded Plaintiff Chipotle and started using CHIPOTLE® as a trademark and service mark in connection with his first restaurant at the corner of Evans and Gilpin Streets in Denver, Colorado.  Since the opening of the first restaurant, Chipotle experienced rapid success, widespread customer acceptance, and national recognition of Chipotle's food services and products, all marketed and sold in connection with the CHIPOTLE® trademark.

2

7.  Currently, Chipotle owns and operates over 1,250 "fast-casual" restaurants throughout the United States, all under the mark CHIPOTLE®.  Steve Ells continues to oversee food quality to ensure that each and every meal served at CHIPOTLE® restaurants nationwide are prepared in accordance with his high standards of quality and demonstrate the attention to detail expected by Chipotle's customers.

8.  Chipotle is committed to sourcing its ingredients in the most ethical and sustainable manner possible, and has pioneered a movement in furtherance of food with integrity.  Chipotle communicates this commitment to its customers, and Chipotle's customers associate the CHIPOTLE® brand with this commitment to ethical food sourcing as well as with high quality and attention to detail.

9.  Chipotle's menu prominently features burritos, tacos, and salads, which at the customer's option primarily consist of chicken or another protein such as carnitas, barbacoa, or marinated steak.

10.  Over the past several years, Chipotle has invested tens of millions of dollars and hundreds of thousands of hours of time and effort to develop its restaurants; create, and protect its intellectual property; and create and maintain the goodwill of its CHIPOTLE® national brand.

11.  In recognition of Chipotle's exclusive right to use the mark CHIPOTLE® in connection with Chipotle's prepared food and related services, the United States Patent and Trademark Office has granted Chipotle several trademark and service mark registrations:

| Mark | Description of Goods or Services | Registration Date | First Use In Commerce |
|------|----------------------------------|-------------------|-----------------------|
| CHIPOTLE<br><br>Reg. No. 2,344,423 | Class 42 – Restaurant services | January 9, 1998 | July 13, 1993 |

| Mark | Description of Goods or Services | Registration Date | First Use In Commerce |
|------|----------------------------------|-------------------|-----------------------|
| CHIPOTLE<br><br>Reg. No. 3,523,738 | Class 29 - prepared entrees consisting primarily of chicken, steak, carnitas, barbacoa or vegetables; prepared vegetable-based entrees; salads comprised of lettuce and choice of meat, beans, salsa, cheese and/or sour cream; guacamole; sour cream; cooked beans; cheese<br>Class 30 - burritos; tacos; fajita burritos; salsas; tortillas; tortilla chips; rice; salads comprised of rice and choice of meat, beans, salsa, cheese and/or sour cream; prepared entrees consisting primarily of rice | March 3, 2008 | 1993 |
| CHIPOTLE (Stylized)<br><br>**CHIPOTLE**<br><br>Reg. No. 3,412,092 | Class 43 - restaurant services; take-out restaurant services | October 4, 2006 | January 12, 2007 |
| CHIPOTLE (Stylized)<br><br>**CHIPOTLE**<br><br>Reg. No. 3,698,498 | Class 43 - restaurant services; take-out restaurant services | October 20, 2009 | August 28, 2008 |
| CHIPOTLE (Stylized)<br><br>**CHIPOTLE**<br><br>Reg. No. 3,622,272 | Class 43 - restaurant services; take-out restaurant services | May 19, 2009 | August 28, 2008 |

12.    Copies of Chipotle's Trademark Registrations identified above are filed herewith as **Exhibits 1 – 5**. All of Chipotle's registered and common law rights to CHIPOTLE are hereinafter referred to as the CHIPOTLE® Marks.

13.    As a result of Chipotle's extensive, long-standing and exclusive use of the CHIPOTLE® Marks, the CHIPOTLE® Marks have become famous in the eyes of food shoppers

and the general public.  Plaintiff's CHIPOTLE® Marks have acquired substantial goodwill and are an extremely valuable commercial asset, serving to identify and distinguish Chipotle's restaurants and food items from other food items available in the market.

**Kroger's Infringing Conduct**

14.    Kroger operates retail grocery stores that sell a wide range of prepared food entrees, the vast majority of which are displayed and branded under trademarks owned by third parties. Across the nation, Kroger retail stores do business under the names "Kroger," "King Soopers," and "City Market."

15.    Kroger displays for sale a wide range of fresh, cooked, and prepared food choices to its shoppers, many of which are carried under known or famous brands and trademarks owned by third parties.

16.    In the section of Kroger's grocery stores where prepared or ready-cooked entrees are sold, Kroger offers a wide variety of options including burritos, Mexican-inspired dishes, and entrees consisting primarily of chicken.

17.    Displayed on the same shelf as, or nearby to, Kroger's carnitas burritos and chicken burritos, Kroger offers for sale a "spicy" fried chicken product under the trademark CHIPOTLE. Kroger had previously offered the same product under the trademark CHESTER'S, but upon information and belief replaced the trademark CHESTER'S with Chipotle's well known and famous mark CHIPOTLE.

18.    Kroger displays the mark CHIPOTLE in all capital letters, in a single line set apart from other words or phrases, and in generally the same size and font as the CHESTER'S brand that it replaced.  These letters are roughly three times the size of any other wording on the packaging, as can be seen in the below picture:



19.    At no time has Kroger sought or received permission or license from Chipotle to use the CHIPOTLE® mark.

20.    Upon noticing Kroger's unauthorized use of its famous CHIPOTLE® mark to sell prepared chicken entrée products, Chipotle sent written correspondence to Kroger requesting that it cease such use.  Kroger responded by unequivocally refusing to respect Chipotle's trademark rights or stop its on-going infringement, thereby necessitating the instant action.

21.    Kroger's use of CHIPOTLE in such a prominent position, coupled with Kroger's obvious awareness of Plaintiff's well-known and famous CHIPOTLE® Marks, can only be

explained by an intention to wrongfully profit from and trade off of Chipotle's valuable goodwill

and reputation in the CHIPOTLE® Marks.

### FIRST CLAIM FOR RELIEF
**(Trademark Infringement in Violation of 15 U.S.C. § 1114)**

22.     Chipotle incorporates the preceding paragraphs as though set forth fully herein.

23.     Chipotle owns several valid federal registrations for the CHIPOTLE® Marks for, *inter alia*, take-out restaurant services and prepared entrees consisting mainly of chicken.

24.     Plaintiff's registrations in the CHIPOTLE® Marks constitute prima facie evidence of the validity of Chipotle's trademark rights and of Chipotle's exclusive right to use the CHIPOTLE® Marks in commerce.

25.     Kroger's unauthorized use of the term CHIPOTLE as a trademark in connection with its sale of prepared chicken entrees is likely to cause confusion or mistake as to the source, affiliation, connection, or association of Kroger's CHIPOTLE chicken items and Plaintiff, or as to the origin, sponsorship, or approval of Kroger's CHIPOTLE chicken entrée product.  Kroger's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

26.     By reason of Kroger's acts as alleged above, Chipotle has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of Plaintiff's CHIPOTLE® Marks, as well as irreparable harm to Chipotle's business, goodwill, and reputation.  Plaintiff has no adequate remedy at law because damage to Plaintiff's good will and reputation are continuing and difficult to ascertain.

27.     Kroger's continued use of the CHIPOTLE mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of the CHIPOTLE® Marks.

## SECOND CLAIM FOR RELIEF
### (Trademark Dilution in Violation of 15 U.S.C. §1125(c))

28.    Chipotle incorporates the preceding paragraphs as though set forth fully herein.

29.    Due to Plaintiff's long-standing, extensive, widespread, and exclusive use of the CHIPOTLE® Marks, coupled with the millions of dollars invested in marketing and promoting the CHIPOTLE® Marks nationwide, Plaintiff's CHIPOTLE® Marks have become famous.

30.    The similarity between Chipotle's famous CHIPOTLE® Marks and Kroger's use of "CHIPOTLE" in commerce creates a strong association between the two in the minds of consumers.

31.    Kroger's use of CHIPOTLE in connection with its prepared chicken entrée is causing and is likely to cause dilution of Chipotle's famous CHIPOTLE Marks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

32.    By reason of Kroger's acts as alleged above, Chipotle has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of Plaintiff's CHIPOTLE® Marks, as well as irreparable harm to Chipotle's business, goodwill, and reputation.  Plaintiff has no adequate remedy at law because damage to Plaintiff's good will and reputation are continuing and difficult to ascertain.

33.    Kroger's continued use of the CHIPOTLE mark is deliberate, willful, fraudulent, and constitutes a knowing dilution of Plaintiff's CHIPOTLE® Marks.

## THIRD CLAIM FOR RELIEF
### (False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

34.    Chipotle incorporates the preceding paragraphs as though set forth fully herein.

35.    Plaintiff's CHIPOTLE® Marks are inherently distinctive or have acquired distinctiveness among the relevant trade and public as identifying Plaintiff's food items and

services.

36.   Defendant's use of CHIPOTLE as a trademark for its prepared chicken entrée items is likely to cause confusion, mistake, or to deceive consumers as to the affiliation, connection, association of Kroger's CHIPOTLE chicken items and Plaintiff, or as to the origin, sponsorship, or approval of Kroger's CHIPOTLE chicken items by Plaintiff.

37.   Kroger's use of CHIPOTLE in connection with its prepared chicken entrée constitutes trademark infringement, unfair competition, and false designation of origin in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

38.    By reason of Kroger's acts as alleged above, Chipotle has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of Plaintiff's CHIPOTLE® Marks, as well as irreparable harm to Chipotle's business, goodwill, and reputation.  Plaintiff has no adequate remedy at law because damage to Plaintiff's good will and reputation are continuing and difficult to ascertain.

39.   Kroger's continued use of the CHIPOTLE mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's CHIPOTLE® Marks.

## FOURTH CLAIM FOR RELIEF
### (Violation of the Colorado Consumer Protection Act)

1.   Chipotle incorporates the preceding paragraphs as though set forth fully herein.

2.   Kroger's use of Plaintiff's CHIPOTLE mark constitutes deceptive trade practices in violation of Colo. Rev. Stat. § 6-1-105(a), (b) and (c).

3.    In the course of its business, Kroger is knowingly making false representations as to the source, sponsorship, or approval of its CHIPOTLE chicken entrée product, and knowingly is

making false representations as to the affiliation, connection, or association of its product with Chipotle.

4.    Kroger's deceptive trade practices have had and will continue to have a significant negative impact on the public as actual and potential consumers of Chipotle products and services.

5.    Kroger's deceptive trade practices have caused and continue to cause irreparable injury to the value of Plaintiff's CHIPOTLE® Marks, as well as irreparable injury to Chipotle's business, goodwill, and reputation.  Chipotle has no adequate remedy at law.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chipotle requests that the Court enter Judgment in its favor as follows:

(A)    Granting temporary, preliminary, and permanent injunctive relief enjoining Kroger and each of its affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

(i)    using the mark CHIPOTLE, or any other mark confusingly similar thereto, in connection with the promotion, sale, or offer of sale of prepared food items;

(ii)    otherwise competing unfairly or committing any acts likely to confuse the public into believing that Kroger or any of Kroger's products are associated, affiliated or sponsored by Chipotle or are authorized by Chipotle, in whole or in part, in any way;

(B)    Ordering that Kroger account for and pay to Chipotle any and all profits Kroger has received by its conduct alleged herein;

(C)     Awarding to Chipotle any and all damages and losses suffered by Chipotle as a result of Kroger's conduct as set forth herein, and treble such damages as provided by law;

(D)     Awarding to Chipotle the costs of this action and its reasonable attorneys' fee and expenses.

(E)     Awarding to Chipotle pre-judgment and post-judgment interest on all damages recovered by or awarded to it;

(F)     Granting such other and further relief as the Court deems equitable and appropriate.

Respectfully submitted this 6th day of April, 2012

/s/Timothy P. Getzoff
Timothy P. Getzoff
Nadya Bosch
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO  80302
(303) 473-2700
tgetzoff@hollandhart.com
nbosch@hollandhart.com

**ATTORNEYS FOR CHIPOTLE MEXICAN GRILL, INC.**

Address of Plaintiff:

Chipotle Mexican Grill, Inc.
1401 Wynkoop Street
Suite 500
Denver, Colorado 80202